UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOM BARKER,

        Plaintiff,

vs.                            Case No. 2:09-cv-577-FtM-29DNF

THE GEO GROUP, INC., and THE FLORIDA
DEPARTMENT OF CHILDREN AND FAMILIES,

        Defendants,
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendant The GEO Group, Inc.'s (GEO) Motion for Summary Judgment (Doc. #31, GEO Motion) with attached exhibits, filed May 10, 2012, and Defendant The Florida Department of Children and Families' (DCF) Motion to Dismiss (Doc. #38, DCF Motion), filed July 2, 2012. Plaintiff has not filed a response to either Motion, and the time for doing so has expired. Thus, the Court deems both Motions ripe for review without the benefit of a response by Plaintiff.[1]

---

[1] Plaintiff was duly advised of the time period within which to respond to a dispositive motion, as well as the tenets of Rule 56. See March 30, 2012 Order (Doc. #21) and May 16, 2012 Order (Doc. #32). Additionally, the Court afforded Plaintiff an extension of time to respond to GEO's Motion, despite Defendant GEO's opposition. See June 8, 2012 Order (Doc. #35).

**I. Status**

Plaintiff Tom Barker ("Barker"), who was previously[2] civilly confined at the Florida Civil Commitment Center ("FCCC") pursuant to Florida's Involuntary Civil Commitment of Sexually Violent Predator's Act, §§ 916.31-916.49, Fla. Stat., initiated this action by filing a *pro se* Civil Rights Complaint (Doc. #1). Plaintiff is proceeding on his Amended Complaint (Doc. #15, Amended Complaint). Liberally construed, the Amended Complaint alleges Fourth and Fourteenth Amendment claims, as well as various pendent State claims, against Defendants DCF and GEO, a private corporation who operates the FCCC pursuant to a contract with DCF, in connection with the confiscation of Plaintiff's electronic data storage device. See generally Amended Complaint. More specifically, Plaintiff states that, on August 7, 2009, the FCCC computer lab official "confiscated" Plaintiff's "Cruz SanDisk Jump Drive," which contained "over 1000 hours of research [and] approximately 6000 pages of scanned-legal documentation." Id. at 3. Plaintiff acknowledges that the jump drive was confiscated pursuant to an FCCC policy because it contained "nudity." Id. Plaintiff avers that the FCCC "policy used to confiscate the jump drive is vague, ambiguous, and unevenly applied." Id. Further,

---

[2]On March 29, 2012, Plaintiff was released from the FCCC pursuant to an Agreed Order to Release (Doc. #31-4). On May 3, 2012, Plaintiff filed a Notice of Change of Address. See Doc. #29.

Plaintiff complains that the policy is "unsupported by any legislative or administrative authority." Id. As relief, Plaintiff requests, *inter alia*, unspecified "prospective injunctive relief" and $20,000.00 to compensate him for the apparent destruction of the jump drive, as well as unspecified punitive damages. Id. at 6.

Defendant GEO seeks summary judgment on the principles of *res judicata* and collateral estoppel. GEO Motion at 1-2. In particular, GEO contends that Plaintiff's claims are barred because a prior State judicial proceeding has already decided that the jump drive contained contraband, found that Plaintiff had no liberty interest in the jump drive, and rejected Plaintiff's claim that the FCCC operates without any legal rules as successive. Id. at 6-7. DCF seeks dismissal pursuant to Federal Rule 12(b)(6) on the basis that the Amended Complaint fails to state a claim against DCF. DCF Motion at 2. Additionally, DCF adopts the *res judicata* argument advanced by Defendant GEO as to the claim that DCF has failed to promulgate lawful rules for the operation of the FCCC. Id. at 6.

## II. Standards

### A.   Summary Judgment

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Coward, 631

F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted).  See also Fed. R. Civ. P. 56(c)(2).  "The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial."  Moton, 631 F.3d at 1341 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The standard for creating a genuine dispute of fact requires the court to "make all *reasonable* inferences in favor of the party opposing summary judgment," Chapman v. Al Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc) (emphasis added), not to make all *possible* inferences in the non-moving party's favor.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, *i.e.*, affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial."  Beard v. Banks, 548 U.S. 521, 529 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party.  *Beard*, 548 U.S. at 529 (citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d

1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). In the summary judgment context, however, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

**B. Rule 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, *pro se* pleadings are liberally construed by the Court. Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must

plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 556. A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). In other words, the plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. However, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported

-6-

by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d 701, 710 (11th Cir. 2010). The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

### III. Applicable Law and Findings

#### A. The GEO Group

In determining the *res judicata* effect of an earlier state court judgment, the Court applies the doctrine of the state whose decision is set up as a bar to further litigation. See Green v. Jefferson County Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009). Under Florida law, for *res judicata*, or "claim perclusion" to apply, the following four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375 (11th Cir. 2011).

A claim is the same if "'it arises out of the same nucleus of operative fact, or is based upon the same factual predicate.'" Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999)(quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)). Essentially, "*[r]es judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Maldanado, 664 F.3d at 1376 (internal quotations and citations omitted). In other words, claim preclusion not only precludes "relitigation of matters that were litigated" but also includes matters "that could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

For the principle of collateral estoppel, or issue preclusion, to apply, a party must demonstrate that "(1) the parties are identical with those from the prior case, (2) the issues are identical, (3) there was a full and fair opportunity to litigate the issues and they were actually litigated, and (4) those issues were necessary to the prior adjudication." Agripost, LLC v. Miami-Dade Cnty., 525 F.3d 1049, 1055 (11th Cir. 2008). A full and fair opportunity to litigate an issue does not entitle the party to a full civil trial. Id. at 1056, n.8 (citing E.I. DuPont de Nemours & Co., Inc. v. Melvin Piedmont Nursery, 971 So. 2d 897, 898 (Fla. 3d DCA 2007)).

Based upon the record, the Court finds that Plaintiff filed a virtually identical lawsuit in Florida's Twelfth Judicial Court, DeSoto County, at case number 2011-CA-111 against employees of the GEO Group, Keri Fitzpatrick, Timothy Budz, and George Emanoilidis. See GEO Motion at Exhibit A (Doc. #31-1, pp. 3-10, the "State Complaint").  The State Complaint alleged, *inter alia*, a due process violation under the Fourteenth Amendment, stemming from the confiscation of Plaintiff's Jump Drive. Id. at 8. Additionally, the State Complaint alleged that "the policy used to confiscate the jump drive is vague, ambiguous, and unevenly applied." Id. at 5.

Although not named in the caption of the Complaint, both GEO and DCF were mentioned extensively throughout the State Complaint. See generally Id.  Despite the fact that the individual defendants (Fitzpatrick, Budz and Emanoilidis) were not expressly sued in their official capacities, each defendant was specifically identified as an employee of GEO and were described as "the computer lab supervisor," the "executive director," and, "programs director/disciplinary committee supervisor" respectively. Id. at 3.

In granting defendants Fitzpatrick, Budz and Emanoilidis summary judgment, the State court found as follows:

> By the Plaintiff's own admission, his jump drive contained nude still-shots of a female actress. Plaintiff has no property interest in any item that is classified as contraband. See Evans v. Budz, 2010 WL 2921616 at *4 (M.D. Fla. 2010); Barker v. Sheldon, 2010 WL 672767 at *4 (M.D. Fla. 2010).  Moreover, to the

>  extent that Plaintiff complains that such contraband was
>  confiscated and he was denied access to the computer lab
>  without due process, his Complaint fails to state a
>  sufficient claim for deprivation of a protected liberty
>  interest. Moulds v. Bullard, 345 Fed. Appx. 387 (11th
>  Cir. 2009)("temporary loss of privileges does not rise to
>  the level of a protected liberty interest"). Finally,
>  the Plaintiffs allegation that "the FCCC is effectuated
>  without any legal rules under Florida Law" is a
>  successive claim that has previously been rejected by
>  this Court. Barker v. Budz, et al., Order date November
>  29, 2010, DeSoto County Circuit Court Case No.
>  2009-CA-1187.[3]

Exh. A (Doc. #31-3) at 9.

Thus, it is clear that the claims advanced in the instant action are virtually identical to the claims advanced and rejected in the State action. Defendant GEO points out that Plaintiff's appeal of the State action remains pending in the Second District Court of Appeal. Despite the fact that an appeal from the State Court judgment is pending, "[t]he established rule in the federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal." Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988)(internal quotations and citations omitted).

Based upon the uncontroverted record before the Court, the Court finds that Plaintiff's instant action against Defendant GEO is barred by the doctrines of *res judicata* and collateral estoppel.

---

[3]Upon review of the Second District Court of Appeal website, the correct number of the case is 09-CA-187, not 1187.

Consequently, the Court will grant Defendant GEO's Motion for Summary Judgment.

### B. DCF

Based upon the record before the Court, it does not appear that DCF was a named defendant in Plaintiff's aforementioned State Court action. DCF, however, was mentioned repeatedly throughout the State Complaint. Exh. 3 (Doc. #31-1) at 3, 4. Admittedly DCF is in privity with GEO because GEO operates the FCCC pursuant to a contract. Further, it is clear that the State court previously rejected a claim premised upon Plaintiff's allegation that "the FCCC is effectuated [sic] without any legal rules under Florida Law" in case number 09-CA-187. Exh. A (Doc. #31-3) at 9. Upon review of the State court docket, Plaintiff's other State court case at number 09-CA-187 did name DCF as a defendant. Thus, Plaintiff's claim that premises liability upon DCF for its failure to implement administrative rules at the FCCC was reviewed and rejected by the State court. Plaintiff does not dispute that this aspect of his claim is barred. See generally docket. Consequently, based upon the record before the Court, the Court finds that Plaintiff's claim against DCF in the instant action is barred by the doctrine of *res judicata*.

Alternatively, the Court will grant DCF's motion to dismiss due to the Amended Complaint's failure to state a federal claim against DCF. Plaintiff fails to identify a constitutional

violation stemming from DCF's failure to promulgate administrative rules for the confiscation and/or disposition of a resident's personal property at the FCCC. See generally Complaint. Further, Plaintiff's claims for monetary damages against DCF, an arm of the State, is barred by the Eleventh Amendment. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003).

To the extent that Plaintiff seeks implementation of administrative rules as injunctive relief against DCF, his claim is now moot in light of Plaintiff's release from the FCCC. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007). Although not clear, Plaintiff may be attempting to raise a pendent state claim against DCF under Florida's Administrative Procedure Act, Fla. Sta. Ann. § 120.68. Nonetheless, because the court is dismissing Plaintiff's federal claims, it chooses not to exercise supplemental jurisdiction over Plaintiff's related state law claims, if any. See 28 U.S.C. § 1367(a) and (c).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion for Summary Judgment filed on behalf of The GEO Group, Inc. (Doc. #31) is **GRANTED.**

2. Defendant's Motion to Dismiss filed on behalf of The Florida Department of Children and Families (Doc. #38) is **GRANTED.**

    3.    The **Clerk** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida, on this <u>  10th  </u> day of August, 2012.

/s/ John E. Steele<br>
JOHN E. STEELE<br>
United States District Judge

SA: hmk  
Copies: All Parties of Record